UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMRA L. ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-43 NAB |
| | ) |
| ANDREW M. SAUL[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Tamra L. Rose's appeal regarding the denial of supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**Issue for Review**

Rose presents one issue for review. She asserts that the residual functional capacity determination ("RFC") and the vocational expert testimony based on the RFC are not supported

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

by substantial evidence. The Commissioner asserts that the administrative law judge's ("ALJ") decision is supported by substantial evidence in the record as a whole and should be affirmed.

## Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003). "In this substantial-evidence determination, the entire

administrative record is considered but the evidence is not reweighed." *Byes v. Astrue*, 687 F.3d. 913, 915 (8th Cir. 2012).

**Discussion**

Rose contends that the ALJ's RFC should have included marked limitations in interacting appropriately with the public, supervisors, and co-workers and responding to routine changes in a work setting as set forth in Dr. Thomas Spencer's psychological evaluation.

The RFC is a function-by-function assessment of an individual's ability to do sustained work-related physical and mental activities on a regular and continuing basis.[2] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the administrative law judge's ("ALJ") responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). There is no requirement, however, that an RFC finding be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932 (RFC affirmed without medical opinion evidence); *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same); *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same).

---

[2] A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

In this case, the ALJ found that Rose had the severe impairments of unspecified mood disorder, social anxiety disorder, and alcohol use disorder in sustained remission. (Tr. 12.) The ALJ determined that Rose had the RFC to perform the full range of work at all exertional levels with the following limitations: (1) simple, routine, repetitive tasks; (2) no fast-paced production environments; (3) no contact with the general public; and (4) occasional, superficial interaction with coworkers and supervisors, that do not require working in teams or in collaboration. (Tr. 14.)

Dr. Spencer conducted a psychological evaluation of Rose on October 20, 2016 as a consultative psychological examiner for the Social Security Administration. (Tr. 643-51.) During the mental status examination, Dr. Spencer observed that Rose's motor behavior was within normal limits, she cooperated with the examiner, and was a decent historian. She presented with a depressed mood and restricted affect. She was alert and oriented to person, time, place, and event. Although Dr. Spencer described her insight and judgment as questionable, her flow of thought was intact and she did not appear paranoid or grandiose. He determined that she had unspecified mood disorder, social anxiety disorder, and alcohol use disorder in sustained remission. (Tr. 645.)

Dr. Spencer opined that Rose had a mild impairment in understanding, remembering, and carrying out simple instructions. (Tr. 647.) He found that she had moderate limitation in ability to make judgments on simple work related decisions. He opined that she had marked limitations in understanding, remembering, and carrying out complex instructions and making judgments on complex work-related decisions. He also opined that she had marked limitations in interacting appropriately with the public, supervisors, and co-workers and responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 648.). Dr. Spencer opined Rose had

a global assessment functioning ("GAF") score range of 55-60.[3] On the GAF scale, a score from 51 to 60 represents moderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental Disorders 32-34 (4th ed. Text Rev. 2000) ("DSM-IV-TR").

The ALJ gave Dr. Spencer's opinion considerable but limited weight. (Tr. 16.) The ALJ stated that little weight was given to Dr. Spencer's finding that Rose had marked limitations in responding appropriately to usual work situations and to changes in routine work settings. (Tr. 16.) The ALJ found that there was little in the record from Dr. Spencer's examination notes or the record as a whole to indicate that Rose could not adapt to usual work changes. (Tr. 16.)

"State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. § 416.927(e)(2)(i). "Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence," except for the determination of disability. 20 C.F.R. § 416.927(e)(2)(i). "Administrative law judges are not bound by any findings

---

[3] The GAF scale is "a numeric scale used to rate social, occupational, and psychological functioning on a hypothetical continuum of mental-health illness." *Mabry v. Colvin*, 815 F.3d 386, 391 n. 6 (8th Cir. 2016) (citing *Pates-Fire v. Astrue*, 564 F.3d 935, 937 n.1 (8th Cir. 2009)). "The scale ranges from zero to one hundred." *Mabry,* 815 F.3d at 391 n.6. A GAF score is a "subjective determination that represents the clinician's judgment of the individual's overall level of functioning." *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010). The most recent edition of the Diagnostic and Statistical Manual of Mental Disorders discontinued use of the GAF scale. Even before the DSM-V discontinued use of the GAF scores, the Commissioner declined to fully endorse GAF scores for use in social security and SSI disability programs. *Halverson v. Astrue*, 600 F.3d 922, 930-31 (8th Cir. 2010). "GAF scores may be relevant to a determination of disability based on mental impairments. But an ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." *Mabry*, 815 F.3d at 391 (internal citations omitted). GAF scores have no direct correlation to the severity standard used by the Commissioner. *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015) (citing 65 Fed. Reg. 50746, 50764-65).

made by State agency medical or psychological consultants or other program physicians or psychologists." 20 C.F.R. § 416.927(e)(2)(i). Their opinions are evaluated under the standards outlined in 20 C.F.R. § 416.927(c).

Based on the foregoing, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record as a whole. First, the ALJ's RFC determination does not have to mirror any particular doctor's opinion, because the RFC is based on all of the evidence in the record as a whole, including the claimant's treatment records and an assessment of the claimant's credibility. The ALJ noted that Rose had a short yet "effective history" of treatment for her impairments despite her lack of compliance. (Tr. 15.) The ALJ specifically noted that while Rose alleged substantial symptoms, her treating providers often noted an "unremarkable mental presentation." (Tr. 15, 494-95, 508-511, 515-165, 534-35, 537-38, 541, 543-44, 547, 550.) The ALJ also noted that Rose's psychiatric nurse practitioner Pamela Faille questioned whether she was malingering to get disability, because Rose was doing well despite not taking medication and her behavior was not consistent with her allegations. (Tr. 16, 549-50.) Unlike Dr. Spencer and Dr. Gowda Bhaskar, who examined Rose once, Ms. Faille treated Rose eight times.

Second, the Court does not find that the RFC determination is inconsistent with the limitations contained in Dr. Spencer's opinion. Reviewing Dr. Spencer's opinion closely, he does not opine that Rose would be precluded from working. A "marked" limitation was not the most restrictive limitation considered in the report. Dr. Spencer could have also found that Rose had an "extreme" limitation, which is defined as "no useful ability to function in this area." (Tr. 647.) Dr. Spencer did not opine that Rose had any extreme limitations. Marked limitation was defined as "serious limitation in this area. There is a substantial loss in the ability to effectively function." (Tr. 647.) The RFC determination is sufficiently restrictive, in consideration of her mental

6

impairments. The Court notes that the RFC's limitations of performing simple, routine, repetitive tasks, other than in fast-paced production environments with no contact with the general public, occasional superficial contact with co-workers and supervisors, that do not require working in teams or collaboration fit well within the limitations the ALJ found to be credible in consideration of the record as a whole. The record as a whole does not support any additional limitations being included in the RFC. The Court finds that the RFC determination is supported by some medical evidence and substantial evidence in the record as a whole.

Finally, the Court finds that the vocational expert's response to the ALJ's hypothetical question constitutes substantial evidence. "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). These impairments must be based on the "substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones*, 619 F.3d at 972. If the hypothetical question is properly formulated, then the testimony of the vocational expert constitutes substantial evidence. *Roe v. Chater*, 93 F.3d 672, 676 (8th Cir. 1996).

In this case, the ALJ's hypothetical question included all of the limitations set forth in the ALJ's description of Rose's RFC. The Court has found that the ALJ's RFC determination was supported by substantial evidence, therefore, the hypothetical question was proper and the vocational expert's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id.*

**Conclusion**

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which

does not require a preponderance of the evidence but only enough that a reasonable mind would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* Substantial evidence supports the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 22.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of September, 2019.